■ DEBRA DREVIS, Respondent, v PINTU AHMED, Appellant. [880 NYS2d 515]—

In an action to recover damages for personal injuries and injury to property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered July 8, 2008, as granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff established, prima facie, that an independent contractor employed by the defendant was negligent, that the independent contractor's negligent act caused her to sustain certain injuries, and that the defendant was vicariously liable for that negligent act (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257 [2008]; *Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Feliberty v Damon*, 72 NY2d 112, 118-119 [1988]; *see also* Multiple Dwelling Law § 78 [1]). In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Florio, J.P., Miller, Covello and Austin, JJ., concur.